STEWART KATZ (SBN 127425)
Law Offices of Stewart Katz
555 University Avenue, Suite 270
Sacramento, CA  95825
Telephone:  (916) 444-5678
Facsimile:   (916) 444-3364

Attorneys for Plaintiff OLEGS KOZACENKO

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEGS KOZACENKO, | Case No.  2:12-cv-2196 MCE DAD |
| Plaintiff, | *CORRECTED* STIPULATION FOR PROTECTIVE ORDER; ORDER |
| vs. | |
| CALIFORNIA HIGHWAY PATROL, et al., | |
| Defendants. | |

## I.
## INTRODUCTION

The Parties, through their attorneys of record, have agreed to the following protective order to govern the handling of the documents subpoenaed by both Plaintiff Kozacenkco and Defendant California Highway Patrol (herein referred to as "Parties") and turned over by the Placer County District Attorney's Office.

Both Parties have served a subpoena on the Placer County District Attorney's Office seeking disclosure of the entirety of the District Attorney's file in the criminal case of *People v. Olegs Kozacenkco*, Placer County Superior Court Case No. 62-112550.  The subpoenas seek disclosure of the entirety of the District Attorney's file, including documents that represent the thought processes and mental process of that office.

In light of the holding in *Doubleday v. Ruh*, (1993) 149 F.R.D. 601, and pursuant to Local Rule 141, the undersigned agree that having the Placer County District Attorney's file be subject to a stipulated protective order will serve to facilitate discovery in the instant case while ensuring the District Attorney's files are protected from disclosure to the maximum extent possible.

## II.

## DOCUMENTS SUBJECT TO THE PROTECTIVE ORDER

The entirety of the DA's file will be Bates stamped, marked "subject to protective order," and marked "Kozacenko." The undersigned agree that the entire file in the case of *People v. Kozacenko*, Placer County Superior Court Case No. 62-112550, will be provided, with one exception – a cell phone number of a California Highway Patrol Officer will be redacted and not disclosed to either party to this lawsuit.

## III.

## PROCEDURE FOR MODIFYING SCOPE OF THIS PROTECTIVE ORDER

If either Party wishes to modify the scope of this protective order, he or she must obtain the written agreement of the other Party's counsel and the agreement of counsel for the District Attorney. If such agreement is not provided in writing to the request, then the Party seeking a modification must bring a noticed motion to the magistrate assigned to hear discovery matters in this case.

## IV.

## RESTRICTIONS IMPOSED BY THIS PROTECTIVE ORDER

1. The District Attorney's file in *People v. Kozacenko*, Placer County Superior Court Case No. 62-112550 shall be used solely in connection with this federal litigation and the preparation and trial of this federal case, or any related appellate proceeding, and not for any other purpose, including any other litigation.

2. The file may not be disclosed except as set forth in paragraph 3. For the purposes of this protective order, "disclosed" means that the documents themselves, or

2
*CORRECTED* STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER

1  copies of the documents, or the substance of the documents is disseminated to any person by
2  any means.
3       3.      The file may be disclosed only to the following persons:
4            (a) Counsel for any party to this action;
5            (b) Paralegal, stenographic, clerical and secretarial personnel regularly employed
6                by counsel referred to in (a) and law students assigned to this case;
7            (c) Court personnel, including stenographic reporters engaged in such
8                proceedings as are necessarily incidental to preparation for the trial of this
9                action;
10           (d) Any outside expert or consultant retained in connection with this action and
11               not otherwise employed by either party;
12           (e) Any "in house" expert designated by defendants to testify at trial in this
13               matter;
14           (f) Witnesses, other than plaintiff herein, may have the documents disclosed to
15               them during deposition proceedings; the witnesses may not leave the
16               deposition with copies of the documents, and shall be bound by the provisions
17               of paragraph 4.
18      Nothing in this paragraph (3) is intended to prevent authorized government officials
19  from having access to the file if they would have had access in the normal course of their
20  job duties.
21       4.      Each person to whom disclosure is made, with the exception of counsel who
22  are presumed to know of the contents of this protective order shall, prior to the time of
23  disclosure, be provided by the person furnishing him/her such material a copy of this order,
24  and shall agree on the record or in writing that he/she has read the protective order, and that
25  he/she understands the provisions of the protective order. Such person also must consent to
26  be subject to the jurisdiction of the United States District Court for the Eastern District of
27  California with respect to any proceeding relating to enforcement of this order, including
28

without limitation, any proceeding for contempt. Unless made on the record in this litigation, counsel making disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

5. At the conclusion of the trial and of any appeal or upon other termination of this litigation, the District Attorney's file received under the provision of this order (including any copies made) shall be tendered back to the District Attorney's Office. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this court.

6. The foregoing is without prejudice to the right of any of the undersigned: (a) to apply to the court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the court for an order removing the terms of this protective order from the District Attorney's file; and (c) to apply to the court for an order compelling production of documents or modification of this order or for any order permitting disclosure of the District Attorney's file beyond the terms of this Order.

7. If Plaintiff(s) or Defendant(s) would like to use Confidential Material[1] in Court filings, at least seven (7) days' notice shall be given to all parties and the Placer County Counsel's Office. Plaintiffs and Defendants shall comply with the requirements of Eastern District local Rule 141, in the event a party would like Confidential Material to be sealed. The Parties agree a request to seal or remove the designation of Confidential Information may be heard on shortened time and/or by telephone conference.

8. Nothing in this order shall preclude a party from showing or disclosing to any person not listed in paragraph 3 of this order, deposition transcripts, pleadings or briefs containing portions of the District Attorney's file if the document containing such materials has been masked or deleted so that no disclosure of the contents of the file occurs.

---

[1] Confidential Material is material that the Placer County District Attorney's Office has a good faith basis in both law and in fact for the designation within the meaning of Federal Rule of Civil procedure 26(g). All material deemed confidential by the Placer County District Attorney's Office is identified by Bates stamping and is marked with a "Confidential" stamp (specifically, Bates stamped pages 000027 through 000040, inclusive).

I have read the foregoing protective order and agree to abide by its terms and conditions.

Dated: June 24, 2013						LAW OFFICE OF STEWART KATZ


								By:	/s/ Stewart Katz
									STEWART KATZ
									Attorney for Plaintiff
									OLEGS KOZACENKO


Dated: June 24, 2013						OFFICE OF THE ATTORNEY GENERAL


								By:	/s/ Jill Scally
									JILL SCALLY
									Attorneys for Defendant
									CALIFORNIA HIGHWAY PATROL

Dated: June 24, 2013						PLACER COUNTY COUNSEL'S OFFICE


								By:	/s/ Brian R. Wirtz
									BRIAN R. WIRTZ
									Attorneys for Third Party
									PLACER COUNTY DISTRICT
									ATTORNEY'S OFFICE

## **ORDER**

Having read and considered the foregoing stipulation for a protective order, and good cause appearing therefor,

IT IS HEREBY ORDERED that this stipulation for a protective order will be enforced as an order of this court.

Dated: June 25, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\kozacenko2196.stip.prot.ord

*CORRECTED* STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER