**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorney for Plaintiff
OLEGS KOZENKO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEGS KOZACENKO, <br><br> Plaintiff, <br><br> vs. <br><br> California Highway Patrol Officer ANDREW P. MURRILL (Badge #19671), California Highway Patrol Officer J. SHERMAN (Badge # 11614) California Highway Patrol Sergeant KEVIN PIERCE; California Highway Patrol Lieutenant JOHN ARRABIT;  California Highway Patrol Assistant Chief KENNETH HILL; and California Highway Patrol Commander Chief STEPHEN LERWILL, <br><br> Defendants. | CASE NO:  2:12-CV-02196-MCE-DAD <br><br> **STIPULATION FOR PROTECTIVE ORDER; ORDER** |

Pursuant to the Federal Rules of Civil Procedure, and it appearing that discovery in this action will involve the disclosure of confidential information, it is hereby stipulated by and between the parties and their attorneys and ordered that the following Protective Order be entered to give effect to the terms and conditions set forth below:

1

**STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER**

1. "Designating Party" means any party producing Documents or information under this Protective Order.

2. "Document" or "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure, Rule 1001 of the Federal rules of Evidence and relevant case law.

3. "Confidential Information" includes the following categories of information, and shall include Documents produced during discovery, answers to interrogatories, responses to requests for admissions, depositions, hearing or trial transcripts, and tangible things, the information contained therein, and all copies, abstracts, excerpts, analyses or other writings that contain, reflect or disclose such information.

    a. "CONFIDENTIAL" designates information that a Designating Party reasonably believes to be confidential due to safety, security or privacy reasons, that are not readily available to the public, that not been published/made public and the disclosure of said documents would have the effect of causing harm.

4. The documents eligible for protection under this order include:

    a. Medical records and documents of Olegs Kozacenko including those provided as a result of service of thirteen separate subpoenas as outlined below:

1. American Medical Response requesting records for my client for services provided on 9/2/2011;
2. UC Davis Radiology regarding x-rays for my client from 1/1/2008 to present;
3. UC Davis Medical Center requesting medical records for my client from 1/1/2008 to present;
4. UC Davis Medical Center, UC Davis Financial Services for billing records from 1/1/2008 to present;
5. Sutter Auburn Faith Hospital regarding x-rays for my client from 1/1/2008 to present;
6. Sutter Auburn Faith Hospital requesting medical records for my client from 1/1/2008 to present;
7. Sutter Auburn Faith Hospital for billing records from 1/1/2008 to present;
8. Contra Costa Regional Medical Center regarding x-rays for my client from 1/1/2008 to present;
9. Contra Costa Regional Medical Center requesting medical records for my client from 1/1/2008 to present;
10. Contra Costa Regional Medical Center for billing records from 1/1/2008 to present;
11. Alameda County Medical Center, Highland Hospital regarding x-rays for my client from 1/1/2008 to present;

**STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER**

12. Alameda County Medical Center, Highland Hospital requesting medical records for my client from 1/1/2008 to present;

13. Alameda County Medical Center, Highland Hospital for billing records from 1/1/2008 to present.

5. By designating documents as "confidential" under the terms of this Order, the Designating Party is certifying to the Court that there is a good faith basis in both law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26 (g).

6. The Designating Party producing "confidential" information shall identify the information by bates stamping copies of the document with the word "CONFIDENTIAL." The Designating Party may also watermark and/or affix legends to such documents using the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

7. Documents designated "confidential" under this Order (hereinafter, "Confidential Material"), the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action and for no other purpose.

8. Confidential Material produced pursuant to this Order may be disclosed or made available only to counsel for a party. Confidential Material may be provided to any expert retained for consultation and/or trial. In the event that Confidential Material is given to an expert, counsel that retained the expert shall provide a copy of this Order to the expert and require and receive an executed acknowledgment of the Order by the expert prior to providing the records to any retained expert.

9. The Confidential Material produced pursuant to his Order will be redacted with respect to (i) social security numbers; (ii) dates of birth; (iii) financial information (including account numbers); and (iv) in all circumstances when federal law requires redaction. Each redaction must be identified by showing what information has been redacted (e.g. "social security number," etc.). This provision complies with Eastern District Local rule 140.

10. If Plaintiff or Defendants would like to use Confidential Material in Court filings, at least seven (7) days notice shall be given to all parties. Plaintiff and Defendants shall comply

**STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER**

with the requirements of Eastern District local Rule 141, in the event that a party would like Confidential Material to be sealed. The Parties agree a request to seal or remove the designation of Confidential Information may be heard on shortened time and/or by telephone conference with a showing of good cause.

11. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action.  In the event that any Confidential Material is used in any deposition or other proceeding in this action it shall not lose its confidential status through such use.  If any Confidential Material is used in a deposition then arrangements shall made with the court reporter to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions appropriately.

12. This order is entered for the purpose of facilitating the exchange or documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

13. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

14. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and without prejudice to their rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

**STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER**

1  Counsel for the parties shall destroy all Confidential Material in their possession, custody, or control within 180 days of final termination of this action which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted.

Dated: June 24, 2013                    /S/ JILL SCALLY
                                         KAMALA D. HARRIS
                                         Attorney General of California
                                         JILL SCALLY
                                         Supervising Deputy Attorney General
                                         *Attorney for Defendants*

Dated: June 24, 2013                    /S/ STEWART KATZ
                                         STEWART KATZ
                                         *Attorney for Plaintiff*
                                         *Olegs Kozacehko*

**ORDER**

Having read and considered the foregoing stipulation for a protective order, and good cause appearing therefore,

IT IS HEREBY ORDERED that this stipulation for a protective order will be enforced as an order of this court.

Dated: July 8, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\kozacenko2196.stip.prot.ord2.doc