1  STEWART KATZ, State Bar No. 127425
   THE LAW OFFICES OF STEWART KATZ
2    555 University Avenue, Suite 270
     Sacramento, CA  95825
3    Telephone:  (916) 444-5678
     Fax:  (916) 444-3364
4    E-mail:  stewartkatzlaw@gmail.com
   *Attorneys for Plaintiff Olegs Kozacenko*
5

6  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
   PETER A. MESHOT, State Bar No. 117061
7  Supervising Deputy Attorney General
   ALBERTO L. GONZÁLEZ, State Bar No. 117605
8  Supervising Deputy Attorney General
   NELI N. PALMA, State Bar No. 203374
9  Deputy Attorney General
     1300 I Street, Suite 125
10   P.O. Box 944255
     Sacramento, CA 94244-2550
11   Telephone:  (916) 445-2482
     Fax:  (916) 322-8288
12   E-mail:  Neli.Palma@doj.ca.gov
   *Attorneys for Defendants California Highway Patrol Officer Andrew Murrill and California*
13 *Highway Patrol Officer J. Sherman California Highway Patrol Sergeant Kevin Pierce;*
   *California Highway Patrol Lieutenant John Arrabit; California Patrol Assistant Chief*
14 *Kenneth Hill; and California Highway Patrol Commander Chief Stephen Lerwill*

15             IN THE UNITED STATES DISTRICT COURT

16           FOR THE EASTERN DISTRICT OF CALIFORNIA

17

18 **OLEGS KOZACENKO,**                    No. 2:12-cv-2196 MCE DAD

19                          Plaintiff,     **STIPULATION AND PROTECTIVE**
                                           **ORDER**
20             **v.**

21

22 **California Highway Patrol Officer**
   **ANDREW P. MURRILL (Badge #19671);**
   **California Highway Patrol Officer J.**
23 **SHERMAN (Badge #11614); California**
   **Highway Patrol Sergeant KEVIN PIERCE;**
24 **California Highway Patrol Lieutenant**
   **JOHN ARRABIT; California Patrol**
25 **Assistant Chief KENNETH HILL; and**
   **California HIghway Patrol Commander**
26 **Chief STEPHEN LERWILL,,**

27                          Defendants.

28

                                    1

Upon joint motion of the parties, this Court, having been duly advised, hereby ORDERS that:

1.  In accordance with the terms of this Order pursuant to 5 U.S.C. § 552a (b)(11), the Federal Bureau of Investigation (FBI), in response to a subpoena duly issued pursuant to a the provisions of Rule 45 of the Federal Rules of Civil Procedure and to the regulations set forth at 28 C.F.R. § 16.21, et seq., may disclose to the parties records which, in whole or in part, are otherwise subject to the Privacy Act of 1974, 5 U.S.C. § 552a, and which contain information within the proper scope of discovery under Fed. R. Civ. P. 26.

2.  The FBI shall have the right to designate as subject to this Protective Order any document or other item responsive to the subpoena and which is a record subject to the Privacy Act or which contains or refers or relates to records which are subject to the Privacy Act.

3.  Such documents or other tangible items must be designated as subject to this Protective Order by conspicuously stamping the phrase "SUBJECT TO A PROTECTIVE ORDER" on each page or, in the case of other tangible items, by notifying the Plaintiff in writing.

4.  Information designated as SUBJECT TO A PROTECTIVE ORDER shall not be disclosed or disseminated to anyone, except:

(a)  A party, counsel for any party and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of preparation for and litigation of this action;

(b)  Any expert engaged by a party for the purpose of assisting in the preparation of this litigation;

(c)  Any person who was involved in the preparation of the document or information;

(d)  The Court, the jury and court personnel, court reporters and persons engaged to make copies, provided that all SUBJECT TO A PROTECTIVE ORDER information filed with the Clerk of Court shall be filed under seal and shall be released only upon agreement among all parties, or pursuant to the terms of this Order, or by order of the Court;

(e)  Any other person, entity, or firm with the prior written consent of the parties.

5.  Each person to whom SUBJECT TO A PROTECTIVE ORDER information will be disseminated (other than the parties, attorneys for the parties, and the attorneys' employees, the Court, the jury, court personnel, and court reporters) will be required, prior to any such

2

1   dissemination, to receive and read a copy of this PROTECTIVE ORDER and to agree, in writing,

2   to be bound by the terms of this Order and personally subject to the jurisdiction of this Court for

3   the purposes of enforcement hereof in the form attached hereto as Exhibit A.  Counsel for any

4   party receiving SUBJECT TO A PROTECTIVE ORDER information and disseminating same

5   shall maintain a list of all such persons along with the written agreement of each person, and shall

6   provide copies of such written agreements upon request to other parties at any time.

7       6.  When any SUBJECT TO A PROTECTIVE ORDER information, documents, discovery

8   responses, portions of transcripts or any other pleadings or papers disclosing or referring to such

9   SUBJECT TO A PROTECTIVE ORDER information are used in connection with any motion or

10  pretrial hearing, or are otherwise submitted to the Court, they shall be filed under seal and marked

11  as follows:

12      CONFIDENTIAL/SUBJECT TO A PROTECTIVE ORDER:  This envelope contains
        documents that are subject to a protective order of this Court.  The contents are not to
13      be revealed to anyone except the Court, or with the prior written consent of the parties
        herein, or pursuant to any order of this Court.  If the contents are thus revealed, they
14      shall thereafter be resealed.

15      7.  Within thirty (30) days of the close of this litigation for any reason, each party shall

16  retrieve all copies of materials marked SUBJECT TO A PROTECTIVE ORDER from his or its

17  own files, and from experts or other persons to whom he or it has provided such materials

18  consistent with this Order, and shall do one of the following:  (1) return to the FBI all such

19  materials, including all copies thereof, or (2) certify in writing to the FBI that all such materials

20  produced by such other party during this action have been destroyed.  All information protected

21  by this Order which has been placed in any electronic data bank shall be completely erased, and

22  any documents listing or summarizing information protected by this Order shall be destroyed

23  within the same period.

24  ///

25  ///

26  ///

27  ///

28  ///

8.  Entry of this Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Order and any consent hereto constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof.  This Order shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

9.  Nothing herein shall be construed to preclude or limit the presence of any individual at any hearing in or the trial or this action.

10.  This order constitutes a limited authorization to the FBI and its agents and employees to disclose Privacy Act protected records pursuant to 5 U.S.C. § 552a (b)(11).  In making the limited disclosure set forth herein, the FBI and its agents and employees are hereby relieved of any penalties to which they may otherwise be subjected pursuant to 5 U.S.C. § 552a (g).

1

**EXHIBIT A TO PROTECTIVE ORDER**

2

I hereby certify that I have read the PROTECTIVE ORDER entered in the above captioned

3

litigation.  I hereby agree to be bound by the terms of the PROTECTIVE ORDER and to submit

4

personally to the jurisdiction of the United States District Court for the District of Columbia for

5

purposes of enforcing my agreement to be bound by the terms of the PROTECTIVE ORDER.

6

Dated:  6/13/2014                                    THE LAW OFFICES OF STEWART KATZ

7

8

                                                                  */s/ Stewart Katz*

9

                                                                  STEWART KATZ
                                                                  *Attorneys for Plaintiff Olegs Kozacenko*

10

11

Dated:  6/24/2014                                    KAMALA D. HARRIS
                                                                  Attorney General of California
                                                                  PETER A. MESHOT

12

                                                                  Supervising Deputy Attorney General

13

                                                                  */s/ Alberto L. González*

14

                                                                  ALBERTO L. GONZÁLEZ
                                                                  *Attorneys for Defendants California*

15

                                                                  *Highway Patrol Officer Andrew Murrill and*
                                                                  *California Highway Patrol Officer J.*

16

                                                                  *Sherman California Highway Patrol*
                                                                  *Sergeant Kevin Pierce; California Highway*

17

                                                                  *Patrol Lieutenant John Arrabit; California*
                                                                  *Patrol Assistant Chief Kenneth Hill; and*

18

                                                                  *California Highway Patrol Commander*
                                                                  *Chief Stephen Lerwill*

19

SA2012307600
31965165.doc

20

21

22

23

24

25

26

27

28

1

## **ORDER**

2          Pursuant to the parties' stipulation, IT IS SO ORDERED.[1]

3    Dated:  June 26, 2014

4

5                                                    DALE A. DROZD
                                                     UNITED STATES MAGISTRATE JUDGE
6

7    Ddad1\orders.civil
     kozacenko2196.stip.prot.ord4.doc
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24          [1] Normally the undersigned would not authorize the entering of a stipulated protective
     order that granted blanket authority for the sealing of any documents.  Here, however, because the
25   discovery at issue is finite and the terms of the protective order were provided to the parties by
     the FBI, so that the FBI may release to the parties documents otherwise protected by the Privacy
26   Act of 1974, 5 U.S.C. § 552a, the undersigned will allow such an order in this instance.  See
     generally Laxalt v. McClatchy, 809 F.2d 885, 889, 258(C.A. D.C. 1987) ("Where the records
27   sought are subject to the Privacy Act, the District Court's supervisory responsibilities may in
     many cases be weightier than in the usual discovery context.").
28

6